﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/19 Archive Date: 11/27/19

DOCKET NO. 190515-9121
DATE: November 27, 2019

REMANDED

Entitlement to service connection for sleep apnea, to include as secondary to and/or aggravated by a service-connected disability, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from May 1973 to May 1975.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This remand has been written consistent with the new AMA framework.

In July 2018, the Veteran opted into RAMP, and the Regional Office issued a subsequent RAMP rating decision in December 2018. The Veteran timely appealed the RAMP rating decision to the Board and selected the direct evidence claim lane.

Entitlement to service connection for sleep apnea, to include as secondary to and/or aggravated by a service-connected disability

The Veteran asserts that his sleep apnea is caused by and/or aggravated by his service-connected psychiatric disability, characterized as posttraumatic-stress disorder (PTSD).

As an initial matter, the Board observes that the Veteran is service-connected for a psychiatric disability, characterized as PTSD. Further, the medical evidence, including the April 2016 opinion from the Veteran’s treating physician, indicates that his sleep apnea may have been caused by and/or aggravated by his service-connected PTSD. Therefore, as this opinion was submitted prior to the Veteran’s election into RAMP, a VA examination is warranted to determine the nature and etiology of his sleep apnea. See McLendon v. Nicholson, 20 Vet. App. 79 (2006).

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine the nature, extent, onset and etiology of his sleep apnea, to include as secondary to a service-connected disability. The claims file must be reviewed, including the new records, and such review should be noted in the opinion. The examiner is specifically instructed to address the April 2016 private opinion and medical research cited therein. All indicated studies deemed necessary by the examiner should be performed, and all findings of these tests should be reported in detail. 

The examiner must provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran’s sleep apnea is etiologically related to the Veteran’s period of service, to include as secondary to and/or aggravated (to include a temporary worsening) by a service-connected disability, to include his service-connected PTSD. 

All opinions must be accompanied by adequate reasons and bases. If the examiner cannot provide the requested opinion without resorting to mere speculation, he or she should provide a complete explanation stating why this is so. In so doing, the examiner should explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s). 

2. After performing any necessary development, the AOJ should readjudicate the appeal on the merits.

 

 

B.T. KNOPE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Meyer, Associate Counsel